## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**ESERVE**

**CITATION**

**DC-21-03607**

To: THE OHIO CASUALTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TEXAS 78701

**AN PROPERTIES, LLC**
vs.
**THE OHIO CASUALTY INSURANCE COMPANY, et al**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

ISSUED THIS
**31st day of March, 2021**

Said Plaintiff being **AN PROPERTIES, LLC**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court **22nd day of March, 2021** against

**THE OHIO CASUALTY INSURANCE COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY**

By: DANIEL MACIAS, Deputy

For Suit, said suit being numbered **DC-21-03607**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**SCOTT G HUNZIKER**
ZERBE, MILLER, FINGERET, FRANK & JADAV, P.C.
3009 POST OAK BLVD
STE 1700
HOUSTON TX 77056
713-350-3529
Shunziker@zmflaw.com

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 31st day of March, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DANIEL MACIAS



DALLAS COUNTY
SERVICE FEES
NOT PAID

**EXHIBIT C-1**

# OFFICER'S RETURN

Case No. : DC-21-03607

Court No.191st District Court

Style: AN PROPERTIES, LLC

vs.

THE OHIO CASUALTY INSURANCE COMPANY, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named _____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

        For serving Citation    $_____

        For mileage    $_____    of _____ County,

        For Notary    $_____    By _____ Deputy

        (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

                                          Notary Public                      County

**EXHIBIT C-1**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 52000563
Status as of 3/31/2021 9:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SCOTT HUNZIKER | | shunziker@zmflaw.com | 3/31/2021 9:45:38 AM | SENT |

**EXHIBIT C-1**

2CIT/ ES/JURY DEMAND
Case 3:21-cv-00967-C   Document 1-3   Filed 04/30/21   Page 4 of 15   PageID 13
DC-21-03607

3/22/2021 9:00
FELICIA PIT
DISTRICT CLE
DALLAS CO., TEX
Gay Lane DEPL

CAUSE NO. _____

| | | |
|---|---|---|
| **AN PROPERTIES LLC,** | § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | 191st |
| v. | § § | _____ **JUDICIAL DISTRICT** |
| **THE OHIO CASUALTY INSURANCE COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY** | § § § § | **DALLAS COUNTY, TEXAS** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff AN PROPERTIES LLC ETAL, by and through its attorney of record, and files this action for damages caused by Defendants THE OHIO CASUALTY INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY. In support of all such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

2. The amount of damages sought in this case exceeds $250,000.00 and this case is not subject to Texas Rules of Civil Procedure 169 (2020). This case is not an expedited action.

3. The monetary relief sought by Plaintiff is more than $250,000.00 but not more than $1,000,000.00 (Texas Rules of Civil Procedure 47).

1

**EXHIBIT C-1**

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, venue is mandatory and proper in Dallas County, Texas, in accordance with §15.002 & the Texas Civil Practice & Remedies Code, as all or a substantial part of the events giving rise to this lawsuit occurred within said county.

## PARTIES

5. Plaintiff is a limited liability corporation which owns the subject property located in Dallas County, Texas (the "Property") in this case.

6. Defendant, The Ohio Casualty Insurance Company, is a company engaged in the business of selling and providing commercial and residential property insurance coverage within the State of Texas. This includes Plaintiff's insurance policy, which is at issue in the present case. Defendant The Ohio Casualty Insurance Company may be served with Citation and a copy of this Petition, through its registered agent, Corporation Service Company located at 211 East 7th Street, Suite 620 Austin, Texas 78701 or otherwise pursuant to the Texas Rules of Civil Procedure.

7. Defendant, Liberty Mutual Insurance Company is a company engaged in the business of selling and providing commercial and residential property insurance coverage within the State of Texas. This includes Plaintiff's insurance policy, which is at issue in the present case. Defendant Liberty Mutual Insurance Company may be served with Citation and a copy of this Petition, through its registered agent, Corporation Service Company located at 211 East 7th Street, Suite 620 Austin, Texas 78701 or otherwise pursuant to the Texas Rules of Civil Procedure.

**EXHIBIT C-1**

## FACTUAL BACKGROUND

8. Plaintiff is a named insured under insurance policy number BMO19589322602 purchased from Defendants (the "Policy").

9. Plaintiff is and was the owner of the subject property located at 4514 Bryan St, Dallas, TX 75204 (the "Property") at the time the loss occurred.

10. Defendants are well aware of the circumstances surrounding this matter. Specifically, on or about November 18, 2018, Plaintiff experienced a covered loss and associated damage resulting from a massive fire at his commercial property. The building was immediately demolished by the Dallas Fire and Rescue Department in order to prevent the spread of fire.

11. Plaintiff advised Defendants of the November 18, 2018 fire on or about November 21, 2018 and a claim was opened at that time.

12. Because the Property was demolished following the fire, the Parties were unable to perform an inspection of the premises.

13. On December 11, 2018, Defendants informed Plaintiff that Plaintiff's claim was continuing to be investigated under a reservation of rights.

14. On May 20, 2019, Defendants notified Plaintiff of the denial of this claim.

15. On or about January 13, 2020, the claim file was re-opened following additional documentation provided to Defendants.

16. On May 18, 2020, Defendants again notified Plaintiff the denial of this claim.

17. Plaintiff made a timely and complete claim, cooperated in every aspect of the same, yet this claim was been unfairly and unjustifiably been delayed for an excessive period of time. This delay compounded the loss at the property, all of which stands in stark contrast to the

**EXHIBIT C-1**

representations made to Plaintiff by his carrier when he purchased the policy. Such conduct exposes Defendants to certain causes of action under Texas law.

## CLAIMS AGAINST DEFENDANTS

18. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the above paragraphs.

19. All conditions precedent to recovery by Plaintiff have been met or have occurred.

20. All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendants' full authorization or ratification and were completed in the normal and routine course and scope of employment with The Ohio Casualty Insurance Company and Liberty Mutual Insurance Company.

### A. BREACH OF CONTRACT

21. All parties agree that Plaintiff entered into a valid and enforceable written insurance contract with Defendants pursuant to the laws of Texas. The contract outlined obligations to be performed by both Plaintiff and Defendants, including but not limited to, Plaintiff paying policy premiums for his insurance coverage, and Defendants then providing said coverage for his claims in the event of covered damage. Plaintiff fully performed his contractual obligations by making policy premium payments and timely reporting covered losses upon his discovery, as required by his insurance contract with Defendants.

22. To the contrary, Defendants have materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiff. Moreover, despite filing a claim which notified Defendants of this loss, Plaintiff has yet to receive full compensation for his covered damages as required by the insurance contract he purchased.

**EXHIBIT C-1**

## B. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN STATUTES

23. Defendants' actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically, in violation of Section 17.46(b), Defendants engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    *17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

    *17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

    *17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

    *17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

24. Moreover, and specifically in violation of Section 17.50(a), Defendants engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to his detriment, in addition to engaging in the following:

    *17.50(a)(3)* - An unconscionable action or course of action; and

    *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

25. As described in this Original Petition, Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that it

5

**EXHIBIT C-1**

actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

26. As described in this Original Petition, Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

27. By representing that Defendants would pay the entire amount needed by Plaintiff to repair damages caused by the underlying covered event, and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

28. Defendants' actions, as described herein, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

29. Defendants' conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

30. Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendants. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendants to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Original Petition.

**EXHIBIT C-1**

31. As a result of Defendants' actions and conduct, which were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed their conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

32. As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### C. VIOLATIONS OF TEXAS INSURANCE CODE

#### 1. SECTION 541

33. Defendants' actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendants committed the following unfair and deceptive acts or practices in the business of insurance:

    *541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and

    *541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

34. Continuing, in violation of Section 541.060(a), Defendants engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

7

**EXHIBIT C-1**

*541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;

*541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

*541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

35. Further, Defendants violated Section 541.061 of the Texas Insurance Code by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

## SECTION 542 – TEXAS INSURANCE CODE

32. Adding to the above, Defendants' actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair

8

**EXHIBIT C-1**

settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendant to date, it has thus far committed the following prohibited practices:

> *542.003(b)(1)* - Knowingly misrepresenting to a claimant, pertinent facts or policy provisions relating to coverage at issue;
>
> *542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>
> *542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;
>
> *542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted, as to which liability has become reasonably clear; and
>
> *542.003(b)(5)* - Compelling a policyholder to institute a suit to recover an amount due under a policy, by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

36. Defendants violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code, by its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims.

37. As a result of the above-referenced violations and acts committed by Defendants, and in accordance with Section 542.06 of the Texas Insurance Code, Defendants are liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment under governing Texas law, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to pre-judgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

38. As a result of Defendants' Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under Chapter 38.001 of the Texas Civil Practice of Remedies Code, as well as the Texas Insurance Code, and all other damages to which Plaintiff may show himself justly entitled by law or in equity.

### C. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

39. Defendants breached the common law duty of good faith and fair dealing by unfairly handling Plaintiff's claim, inadequately adjusting Plaintiff's claim, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendants' ultimate payment decision. Plaintiff is therefore entitled to damages as a result of this conduct as well.

### WAIVER AND ESTOPPEL

40. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

41. Defendants waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by the Defendants to Plaintiff.

### DAMAGES

42. Defendants' acts have been the producing or proximate cause of damage to Plaintiff. Therefore, Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

43. Furthermore, the conduct of the Defendants were committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under all operative provisions of the Texas Insurance Code. Plaintiff is also entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

### ATTORNEY FEES

44. In addition to the above, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001-38.005 of the Civil Practice and Remedies Code.

### JURY DEMAND

45. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

### RULE 193.7 NOTICE

46. Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendant producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Plaintiff be awarded its actual damages, all such additional relief specified within this Original Petition, all relief to which Plaintiff is due under Texas law, and for all such other relief to which Plaintiff may be justly entitled.

### EXHIBIT C-1

Respectfully submitted,

*/s/Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
Zerbe, Miller, Fingeret, Frank & Jadav, P.C.
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 350-3529
Facsimile: (713) 350-3607
shunziker@zmflaw.com

*ATTORNEY FOR PLAINTIFF*

Dated: March 22, 2021

**EXHIBIT C-1**